HE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEI SHEN, individually and on behalf of a class of similarly situated individuals, | ) ) | |
| Plaintiff, | | 06CV4403<br>JUDGE FILIP<br>MAGISTRATE JUDGE DENLOW |
| v. | | |
| DISTRIBUTIVE NETWORKS, LLC, a District of Columbia company, d/b/a Astromobo, d/b/a Daily Pop Gossip, d/b/a Mad Love Tips, d/b/a Daily Dose of Blue, d/b/a Ringstar Mobile, | ) ) ) ) ) ) | FILED<br>AUG 1 5 2006 rO<br>AUG 15 2006<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |
| Defendant. | ) ) | |

**NOTICE OF REMOVAL**

Defendant Distributive Networks, LLC ("DistNet" or "Defendant") in the case styled *Lei Shen v. Distributive Networks, LLC* ("the State Court Action") presently pending before the Circuit Court of Cook County, Illinois, No. 06 CH 14059 (copy of Summons, Complaint, and Jury Demand attached hereto as Exhibit A) (hereinafter "complaint"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446.

In support of the Notice of Removal, Defendant states the following:

1. Defendant, identified by plaintiff in the caption of the complaint as "DISTRIBUTIVE NETWORKS, LLC, a District of Columbia company, d/b/a Astromobo, d/b/a Daily Pop Gossip, d/b/a Mad Love Tips, d/b/a Daily Dose of Blue, d/b/a Ringstar Mobile" is one legal entity, Distributive Networks, LLC, a District of Columbia Limited Liability Corporation.

2. Defendant exercises its rights under 28 U.S.C. § 1441 to remove the State Court Action from the Circuit Court of Cook County, Illinois. Removal is permitted for "[a]ny civil

action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

3. On July 14, 2006, Plaintiff filed a complaint in the State Court Action, alleging, among other things, violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Compl. ¶¶ 3, 26-27. Thus, removal is proper based on the existence of a federal question.

4. Title 28 U.S.C. § 1441(b) also permits removal in non-federal question cases in which "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

5. The complaint in the State Court Action lists the Plaintiff, Lei Shen, as "a citizen of Illinois." Compl. ¶ 5. Also, as alleged in the complaint, DistNet is a citizen of the District of Columbia. *See id.* ¶ 6. Removal is therefore also proper based on the parties' diversity of citizenship.

6. Plaintiff served the complaint on July 21, 2006. Thus, this notice of removal is timely. *See* 28 U.S.C. § 1446(b)

7. A copy of the Complaint and Summons served on Defendant is attached hereto as Exhibit A, as provided for in 28 U.S.C. § 1446(a).

8. Prompt written notice of the filing of this Notice of Removal will be served upon all parties as required by 28 U.S.C. § 1446(d).

9. A copy of this Notice of Removal will be filed promptly with the clerk of the Circuit Court of Cook County, Illinois, along with a Notice of Filing as required by 28 U.S.C. § 1446(d).

WHEREFORE Defendant hereby removes Case No. 06 CH 14059 from the Circuit Court of Cook County, Illinois to this Court.

Dated: August 15, 2006

Respectfully submitted,

Jean V. MacHarg*
Laura Laemmle-Weidenfeld*
Cordell A. Hull*
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
(202) 457-6000 – Telephone
(202) 457-6315 – Facsimile

Gary L. Prior
Jason J. Green
TABET DIVITO & ROTHSTEIN LLC
The Rookery Building
209 South LaSalle Street
7th Floor
Chicago, IL 60604
(312) 762-9450 – Telephone
(312) 762-9451 – Facsimile

*Counsel for Defendant*
*Distributive Networks, LLC*

*Application to appear *pro hac vice* to be filed imminently

# EXHIBIT A

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
SUMMONS

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

CCG N001-10M-1-07-05 ( )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, Chancery DIVISION

(Name all parties)
LEI SHEN, individually and on behalf of a class of similarly situated individuals,

v.

DISTRIBUTIVE NETWORKS, LLC, a District of Columbia company

No. 06CH 14059

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

XX Richard J. Daley Center, 50 W. Washington, Room 2102, Chicago, Illinois 60602

- ☐ District 2 - Skokie, 5600 Old Orchard Rd., Skokie, IL 60077
- ☐ District 3 - Rolling Meadows, 2121 Euclid, Rolling Meadows, IL 60008
- ☐ District 4 - Maywood, 1500 Maybrook Ave., Maywood, IL 60153
- ☐ District 5 - Bridgeview, 10220 S. 76th Ave., Bridgeview, IL 60455
- ☐ District 6 - Markham, 16501 S. Kedzie Pkwy., Markham, IL 60426
- ☐ Child Support, 28 North Clark St., Room 200, Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, JUL 17 2006, ______

[signature]
Clerk of Court

Date of service: ____________, ______
(To be inserted by officer on copy left with defendant or other person)

Atty. No.: 37874
Name: The Jacobs Law Firm, Chtd.; Bryan G. Kolton
Atty. for: Plaintiff
Address: 122 South Michigan Ave., Suite 1850
City/State/Zip: Chicago, Illinois 60603
Telephone: (312) 427-4000

Service by Facsimile Transmission will be accepted at: ______________________
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
2659

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

LEI SHEN, individually and on behalf of a class of similarly situated individuals,

Plaintiff,

v.

DISTRIBUTIVE NETWORKS, LLC, a District of Columbia company, d/b/a Astromobo, d/b/a Daily Pop Gossip, d/b/a Mad Love Tips, d/b/a Daily Dose of Blue, d/b/a Ringstar Mobile,

Defendant.

No. 06CH14059

**Jury Trial Demanded**

2006 JUL 14 PM 4:13

## CLASS ACTION COMPLAINT

Plaintiff Lei Shen brings this class action complaint against defendant Distributive Networks, LLC, d/b/a Astromobo, Daily Pop Gossip, Mad Love Tips, Daily Dose of Blue, and Ringstar Mobile (collectively, "Distributive Networks"), to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. For her class action complaint, Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE CASE

1. In a recent effort to promote the sale of ringtones and related cell phone software, Distributive Networks, a self-proclaimed "industry leader in mobile text content," engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cell phones of consumers across the nation.

2. By effectuating these text message calls (hereinafter, "wireless spam" or "SMS

Spam"), Defendant has caused such consumers actual harm, not only because the consumers were subjected to the aggravation that necessarily accompanies unsolicited wireless spam, but also because in virtually all instances consumers actually have to pay their cell phone service providers for the receipt of such wireless spam, notwithstanding that it is sent in violation of specific legislation on the subject.

3. In order to redress these injuries, Shen, on behalf of herself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Shen seeks an injunction requiring Defendant to cease all wireless spam activities and an award of actual and statutory damages to the class members, together with costs and reasonable attorney's fees.

**PARTIES**

5. Plaintiff Lei Shen is a citizen of Illinois.

6. Defendant Distributive Networks, LLC, who according to its website, is a mobile marketing company whose content and services reach more than one million end users in North America. It is a District of Columbia limited liability company with its principal place of business in Washington, D.C. It does business throughout the United States, including in Cook County, Illinois.

**VENUE**

7. Venue is proper in Cook County because Defendant does business in Cook County and because the cause of action arose here.

**CONDUCT COMPLAINED OF**

8. In recent years, marketers, who often have felt stymied by federal laws limiting

solicitations over telephones, facsimile machines, and e-mails, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

9. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" refers to a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters, on their cellular telephones.

10. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

11. Unlike more conventional advertisements, wireless spam actually costs its recipients money, because virtually all cell phone users must pay for each text message call they receive, whether or not the message is authorized.

12. Over the course of several months in 2005 and 2006, Defendant, by itself or through its agents, caused the systematic transmission of wireless spam to the cell phones of what it hoped were potential customers.

13. On or about February 21, 2006, plaintiff Lei Shen's cell phone rang, indicating that she had received a text call. Under her contract with her cell phone service provider, this cost her five cents.

14. The sender of the text call did not identify itself at the time the call was received, and only revealed itself later in Plaintiff's billing record as: 66075. The subject field suggested that she was entitled to "Get your daily..." product or service from some unidentified company.

15. When she accessed the full message, she saw that it was a wireless spam

advertisement from Defendant, stating "Get your daily horoscope! From: astromobo.com." Ms. Shen had never authorized the sending of any SMS commercial advertising messages to her cell phone by this sender or any other.

16. Kevin Bertram, the Chief Executive Officer of Defendant, later admitted he was unable to produce any information showing that Shen consented to receive this – or any other – text message.

17. On December 9, 2005, Bertram further admitted that transmission of Defendant's unsolicited text messages was done on mass-scales.

*"We are a technology and content company, not a marketing company. We have several companies who market our products and after some internal investigation, two of our affiliates were clearly abusing the very specific rules set down by us and the carriers that we work with.*

*Therefore, we have immediately ceased the ringstarmobile marketing campaign. If you have received an SMS that you did not request we will send you a refund check for $1.50 to cover any text messaging costs and the annoyance of receiving the text message.*

*To do so, please send an email to ringstarrefunds@gmail.com..."*

**CLASS ALLEGATIONS**

18. Shen brings this action on behalf of herself and a class (the "Class") consisting of all persons who, within four years prior to the filing of this lawsuit, (1) were sent a text message by Defendant without first having obtained prior express consent and (2) subscribed to a cellular telephone plan wherein they were required to pay to receive such text message.

19. Upon information and belief, there are over one thousand members of the Class who are geographically dispersed, such that joinder of all members is impracticable.

20. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

(a) Is Defendant's conduct governed by the TCPA?

(b) Does the wireless spam Defendant distributed violate the TCPA?

(c) Are the class members entitled to treble damages based on the willfulness of Defendant's conduct?

21. Shen will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the members of the respective classes, and she has retained counsel competent and experienced in class action litigation.

22. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the class is impracticable, and (b) many members of the class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

**COUNT I**

23. Shen incorporates by reference the foregoing allegations.

24. Defendant violated Plaintiff's and her class's right to privacy by the electronic transmission of written material to the cellular telephones of the members of the class, namely unsolicited commercial advertisements through text message calls using an automatic telephone dialing system and/or using an artificial and prerecorded message.

25. These calls were made without the prior express consent of the called parties.

26. Defendant has, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

27. As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled, *inter alia,* to a minimum of $500.00 in damages for each such violation of the TCPA.

WHEREFORE, Plaintiff Lei Shen, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual and/or statutory damages;
3. An injunction requiring Defendant to cease all wireless spam activities;
4. Reasonable attorney's fees and costs; and
5. Such further and other relief the Court deems appropriate.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

July 14, 2006

Lei Shen, individually and on behalf of a class of similarly situated individuals

One of her attorneys

John Blim
Jay Edelson
Myles McGuire (Of Counsel)
BLIM & EDELSON, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, Illinois 60604
Telephone: (312) 913-9400
Telefax: (312) 913-9401
Attorney ID No. 38373

John G. Jacobs
Bryan G. Kolton
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Telefax: (312) 427-1850
Attorney ID No. 37874

## CERTIFICATE OF SERVICE

I, Jason J. Green, an attorney for Defendant Distributive Networks, hereby certify that on August 15, 2006, I caused a copy of the **Notice of Removal** to be delivered via First Class U.S. Mail from 209 S. LaSalle Street, Chicago, Illinois 60604 to the parties listed below:

John Blim
Jay Edelson
Myles McGuire
BLIM & EDELSON, LLC
53 West Jackson Boulevard
Suite 1642
Chicago, Illinois 60604

John G. Jacobs
Bryan G. Kolton
THE JACOBS LAW FIRM, CHTD
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603