

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LEI SHEN, individually and on behalf of a class of similarly situated individuals, ) ) ) ) Plaintiff, ) ) v. ) ) DISTRIBUTIVE NETWORKS, LLC, ) a District of Columbia company, ) d/b/a Astromobo, d/b/a Daily Pop ) Gossip d/b/a Mad Love Tips, d/b/a ) Daily Dose of Blue, d/b/a Ringstar Mobile ) ) Defendant. ) | No. 06 C 4403<br><br>Judge Mark Filip<br><br>Magistrate Judge Morton Denlow |

**Final Judgment and Order of Dismissal**

WHEREAS, this action having been filed in this Court as a class action ("the litigation") on July 14, 2006;

WHEREAS, while the parties disagree about the strengths and weaknesses of their respective positions, they have entered into the Settlement Agreement dated January 11, 2007;

WHEREAS, Defendant Distributive Networks, LLC ("DistNet") denies that it committed any wrongful acts or breached any duties as alleged in the litigation, and the settlement does not constitute any such admission; and

WHEREAS, pursuant to the Order of this Court dated February 6, 2007 (the "Preliminary Approval Order") and for settlement purposes only, the Court certified a settlement class as defined therein.

1

WHEREAS, pursuant to the Preliminary Approval Order, this matter comes before the Court for hearing, on the application of the parties for final approval of the settlement set forth in the Settlement Agreement, and for Court approval of attorneys' fees, expenses and awards to the representative plaintiff;

WHEREAS, no objection to the settlement has been received and no objector appeared;

WHEREAS, due and adequate notice having been given to the Settlement Class defined below as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises, and good cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Settlement Class.

2. This Court granted preliminary approval to the Settlement Agreement on February 6, 2007. The Court hereby grants final approval of the settlement set forth in the Settlement Agreement; finds that said settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class; and hereby directs that it shall be effectuated in accordance with its terms. The Court further finds that the named Plaintiff and Plaintiff's Counsel are adequate representatives of the class.

3. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

4. The Settlement Class is defined to include all people:

(a) who received a text message relating to a website owned or operated by Defendant ("Operational Website") (i.e. astromobo.com, dailypopgossip.com, madlovetips.com, dailydoseofblue.com and ringstarmobile.com) from July 17, 2002 until July 17, 2006 and

(b) who did not provide prior express consent to such receipt.

Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Settlement Notice publicized to members of the Settlement Class and/or pursuant to the Publication Notice published in a major newspaper. No such valid and timely request for exclusion was received.

5. All members of the Settlement Class who have not timely elected to be excluded from the Settlement Class are members thereof and are bound by this Order and the Final Judgment being entered herewith.

6. The Settlement Agreement is hereby part of the record and is incorporated by this reference herein.

7. Plaintiff and each class member (for themselves, their heirs, successors and assigns) are barred by the terms of the Settlement Agreement, as well as the doctrines of res judicata and collateral estoppel and are hereby restrained and enjoined, from prosecuting (in any forum) against Defendant and all of its current and former owners, directors, officers, members, managers, employees, agents, consultants, attorneys, parents, predecessors, successors, and subsidiaries, any and all claims arising from or relating to their receipt of text messages, whether known or unknown, during the period from July 17, 2002 to July 17, 2006 ("Class Members' Released Period"), whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law; whether or not such claims are in the nature of claims for
3

damages, attorneys' fees or injunctive relief; and whether pursuant to a statutory remedy ("Class Member's Released Claims").

8. The Notice of the settlement and the other matters set forth in the Settlement Agreement given to the Settlement Class pursuant to the Preliminary Approval Order and Settlement Agreement was the best notice practicable under the circumstances. Said Notice provided valid, due and sufficient notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such Notice, and said Notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of Due Process.

9. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses on the merits and with prejudice the Complaint in the litigation, and each and every Released Claim of each and every Settlement Class member against the Released Parties.

10. In accordance with the Settlement Agreement, the Court, finding the amount of fees agreed upon and the respective attorneys' rates to both be reasonable, approves and order the payment of attorneys' fees and expense reimbursement in the amount of $30,000 to be paid from the Settlement Fund. Such payment shall be wired in accordance with the terms of the Settlement Agreement.

11. The Court approves the payment of $2,000 by Defendant to the representative plaintiff, Lei Shen, in accordance with the Settlement Agreement. Such payment shall be mailed in accordance with the terms of the Settlement Agreement.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, inter alia, (a) implementation and administration of the settlement;

(b) distribution of payments of approved claims under the terms of Settlement Agreement; (c) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (d) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the litigation until each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement.

13. Any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of the Settlement Agreement, as amended, shall be presented by motion to this Court.

14. This Court hereby directs the entry of this Final Judgment based upon the Court's finding that there is no just reason for delay notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

15. The parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

16. Within 21 days of completion of the claims approval process, DistNet shall pay the difference (if any) between a) the Minimum Payment of $60,000 and b) the total of all claims, fees, expenses and awards payable under the Settlement Agreement and this Order, to National Consumer Law Center, a non-profit organization, as a cy pres award.

17. In addition to the aforementioned, the Court hereby

(A) Approves the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(B) Finds the Notice of Settlement to be the best notice practicable and in compliance with the Federal Rules of Civil Procedure and the

requirements of due process in all respects;

(C) Approves Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses;

(D) Approves the Class Representative's incentive award payment;

(E) Certifies the Class for settlement purposes only;

(F) Expressly determines that there is no just reason for the delay in the entry of the Final Order and directing that such Final Order shall be immediately appealable;

(G) Consistent with Shapo v. Engle, 463 F.3d 641 (7th Cir. 2006), dismisses this Action and permanently enjoins all Class Members from pursuing against any and all Released Parties any and all Released Claims and/or reopening any issue resolved by the Final Judgment; and

(H) The Court shall retain jurisdiction over the Action to resolve any disputes involving the claims process and to enforce the Settlement Agreement.

It is so ordered, this 5th day of April, 2007.

Enter:

_____
Mark Filip
United States District Judge

6